UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN D. CURL,

            Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

            Defendant.

CASE NO. 17-5216

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

John D. Curl appeals the ALJ's decision finding him not disabled. The ALJ found Hairy Cell Leukemia is a severe impairment; Mr. Curl has the RFC to perform light work with additional limitations; and that he can perform past relevant work as a claims examiner. Tr. 22-32. Mr. Curl contends the ALJ erred by misevaluating his testimony and the medical evidence, and by failing to find at step two that his mental disorders are severe impairments. Dkt. For the reasons below the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.**    **Mr. Curl's Testimony**

Mr. Curl first contends the ALJ erred in rejecting his testimony about the severity of his limitations. Dkt. 9 at 4. The ALJ did not find Mr. Curl was malingering and was therefore

required to provide clear and convincing reasons to reject his testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ rejected Mr. Curl's testimony for several reasons, at least one of which is valid and supported by substantial evidence. In specific, the ALJ found that after Mr. Curl was laid off in 2013, he received unemployment benefits, reporting he was ready, able, and willing to perform full-time work during the period he alleged he was disabled. The ALJ further found Mr. Curl sought and applied for jobs during this time. Tr. 30. Mr. Curl argues the ALJ erred because the ALJ "did not indicate how this calls the claimant's credibility into question," and the Supreme Court in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999), indicated an individual's willingness to perform "accommodated work" is not determinative of whether an individual is disabled for SSDI purposes. Dkt. 9 at 10.

The law and record do not support Mr. Curl's argument. The *Cleveland* decision did not address whether the ALJ may consider a claimant's application for unemployment benefits in weighing the claimant's testimony. The Ninth Circuit has held the ALJ may consider a claimant's application for unemployment benefits during the alleged disability period, in which the claimant certified an ongoing search for full-time employment. *Jorgensen v. Berryhill,* 680 Fed. Appx. 612, 613 (9th Cir. 2017) citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008). Here Mr. Curl testified he received disability benefits representing he was applying for full-time work, not part-time or "accommodated" work. Tr. 50. Accordingly the Court finds the ALJ's rationale is supported by substantial evidence.

The ALJ gave other reasons to reject Mr. Curl's testimony which need not be discussed. Even assuming the other reasons are erroneous, the error would be harmless. This is because the ALJ provided at least one valid reason supported by substantial evidence. *See Carmickle,* 533 F.3d at 1162.

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 2

## B. Medical Evidence

Mr. Curl contends the ALJ misevaluated the opinions of examining doctor John Neer, Psy.D., and reviewing doctors Michael Brown, Ph.D., and Cynthia Collingwood, Ph.D. Dkt. 9 at 12, 15.

### *1. Dr. Neer*

Dr. Neer opined Mr. Curl could perform simple and repetitive tasks as well as detailed and complex tasks. Tr. 297. The ALJ accepted this opinion but rejected Dr. Neer's determination that "based on [Mr. Curl's] report, his fatigue is likely to interfere with his ability to work a full shift or long periods of a day." Tr. 25. The ALJ reasoned the doctor's determination was based upon Mr. Curl's subjective reports and that Dr. Neer is not a medical doctor and the opinion is thus outside the scope of his evaluation. *Id.* The Commissioner contends the ALJ properly rejected Dr. Neer's opinion because it was based upon the discredited self-reports of Mr. Curl.

But an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the applicant's complaints when the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here, Dr. Neer did not question Mr. Curl's credibility. The doctor stated Mr. Curl's report of fatigue would interfere with his ability to work, but that is not the sole basis for his opinions. Dr. Neer also stated "He does appear to be somewhat depressed with low energy and difficulties with concentration and attention." Tr. 297. This is a clinical observation the doctor made of Mr. Curl, and one which the ALJ failed to address. This failure is harmful because the ALJ did not provide a reasoned basis to conclude Dr. Neel's opinion is more heavily based on Mr. Curl's self-reports than on clinical observations. *See e.g., Ghanim v. Colvin*, 763 F3d 1154, 1162 (9th Cir. 2015).

The ALJ also erred in rejecting Dr. Neer's opinion as outside the scope of the psychological evaluation. Dr. Neer opined Mr. Curl's current psychiatric issues appear to be secondary to his medical condition. Because Mr. Curl's physical and mental problems are intertwined, his limitations flow from their combined impact, and were therefore within the scope of the evaluation. The ALJ accordingly erred as matter of law. *See Farris v. Barnhart*, 147 Fed. Appx. 638, 639 (9th Cir. 2005) (ALJ erred in rejecting psychologist's opinion based upon the combined impact of back pain and mental impairment which the ALJ found was outside the doctor's expertise.)

### *2. Drs. Brown and Collingwood*

The ALJ rejected the opinions of Drs. Brown and Collingwood that Mr. Curl was moderately limited in his ability to maintain attention and concentration for extended periods; perform work within a schedule, maintain attendance and be punctual; and that he can maintain attention for 2 hours. Tr. 25, 84, 85. The ALJ rejected these opinions for the same reason he rejected Dr. Neer's opinion: that they do not reflect limitations arising from mental impairment. As discussed above the ALJ erred in rejecting Dr. Neer's opinion. The ALJ accordingly similarly erred in rejecting the Drs. Brown's and Collingwoods's opinions.

**D. Step Two Determination**

Mr. Curl argues, and the Court agrees, the ALJ harmfully erred by failing to find depression is a severe impairment. Dr. Neer diagnosed depression and opined Mr. Curl's depression and physical problems are interrelated and limiting. Drs. Brown and Collingwood also opined Mr. Curl was moderately limited in his ability to perform several work related functions due to mental problems. As discussed above, the ALJ erroneously rejected the opinions of these medical providers about Mr. Curl's mental limitations, and did not properly assess the

impact of these limitations on Mr. Curl's RFC, or ask the vocational expert what impact, if any, these limitations would have on Mr. Curl's ability to perform his past relevant work.

In determining Mr. Curl's RFC, the ALJ was required to assess all the relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. *See* 20 C.F.R. § 416.945(a). Similarly, hypothetical questions that an ALJ poses to a VE to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995)). As this did not occur, the ALJ harmfully erred.

## CONCLUSION

For reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall using the five step disability process, address what impact depression has on Mr. Curl's RFC; reevaluate the opinions of Drs. Neer, Brown and Collingwood; develop the record and reassess Mr. Curl's RFC as appropriate; proceed to steps four and five as needed.

DATED this 31st day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge